Gregg S. Garfinkel, Esq., S.B. #156632
ggarfinkel@stonedeanlaw.com
STONE | DEAN LLP
21600 Oxnard Street, Upper Lobby – Suite 200
Woodland Hills, California 91367
Tel:  (818) 999-2232
Fax:  (818) 999-2269

Attorneys for Plaintiff,
UNITED VAN LINES, LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED VAN LINES, LLC.<br><br>Plaintiff,<br><br>v.<br><br>PAUL CROFT, an individual; and CHERSTI CROFT, an individual<br><br>Defendants. | Case No.: 2:23-cv-7019<br><br>**PLAINTIFF UNITED VAN LINES LLC'S COMPLAINT-IN-INTERPLEADER** |

Plaintiff UNITED VAN LINES, LLC ("Plaintiff" and/or "UNITED"), for its Complaint against Defendants PAUL CROFT, an individual; and CHERSTI CROFT, an individual ("Defendants"), states as follows:

**Parties, Jurisdiction and Venue**

1.     UNITED is a Missouri limited liability company with its principal place of business in Fenton, Missouri.  UNITED is a motor carrier of household goods and personal property by authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 et.seq.

1

2. Defendant, PAUL CROFT, is an individual who, upon information and belief, resides in Cook County, Illinois.

3. Defendant, CHERSTI CROFT, is an individual who, upon information and belief, resides in Cook County, Illinois.

4. This is an action to interplead the rights and liabilities of Defendants and any other unknown claimants to the household goods and personal property presently being held by UNITED and its disclosed household goods agent as Storage-in-Transit ("SIT") as is its right, and duty, under federal law.

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1337. This action invokes the Court's federal question jurisdiction because this action seeks to determine the title to or right to possession of household goods and personal property transported in interstate commerce by UNITED pursuant to a Bill of Lading in accordance with 49 U.S.C. § 80110 as, well as pursuant to the Interstate Commerce Act ("ICA") as amended by the ICC Termination Act of 1995 ("ICCTA"), acts of Congress regulating commerce. Further, Defendants refusal to pay the applicable interstate tariff charges presents a federal question pursuant to the ICA as amended by the ICCTA, 49 U.S.C. §§ 14705, 13706, and 13702, acts of Congress regulating commerce.

6. Venue is proper in this District, under 28 U.S.C. § 1391(b)(2), in that the property, which is the subject of this action is situated in this District.

## Count I – Interpleader

Plaintiff, for Count I of its Complaint against Defendants, state as follows:

7. Plaintiff hereby incorporates paragraphs 1 through 6 as though fully set forth herein.

8. On August 4, 2022, at the specific request of Defendants,

UNITED entered into a contract of carriage ("Bill of Lading") - designated as UNITED Order No. 283-26261-2 - to transport certain household goods and personal property ("the shipment") from North Oaks, Minnesota to Los Angeles, California.

9.   In accordance with the contract of carriage, UNITED loaded and commenced the interstate transport of the subject shipment under the Bill of Lading.

10.   However, after the shipment had been loaded and transported from Minnesota, but before the shipment reached the final destination in Los Angeles, California, UNITED was notified by Defendant Paul Croft that Defendant Chersti Croft had filed for divorce.

11.   Pursuant to the direction of Defendant Paul Croft, the Defendants' shipment was diverted and placed into SIT at the warehouse owned and operated by UNITED's disclosed household goods agent King Relocation Systems ("King"). The subject shipment remains in King's warehouse facility pending the outcome of the present litigation.

12.   There exists of a series of disputes between Defendants, including an adverse claim of ownership, including, but not limited to the following:

   A.   Whether Defendant Paul Croft had the authority to tender household goods and personal property allegedly belonging to Defendant Chersti Croft to Plaintiff UNITED for interstate transport from Minnesota to California;

   B.   When, where, and how (i.e., division of the Defendants' respective household goods and personal property) the final delivery of the subject shipment was to take place; and

   C.   Whether the Defendants, and each of them, are jointly and

3

PLAINTIFF UNITED VAN LINES, LLC'S COMPLAINT-IN-INTERPLEADER

severally responsible for the payment of all applicable interstate tariff charges to Plaintiff UNITED.

13. Consequently, UNITED has retained possession of the shipment in accordance with 49 U.S.C. § 80110(d), which provides that UNITED is not required to deliver the subject shipment to any claimant until either deciding the validity of the adverse claim or bringing a civil action to interplead all claimants.

14. The shipment remains in SIT and continues to accrue SIT and valuation charges. As of August 21, 2023, the applicable tariff transportation charges, including SIT and valuation charges, totaled $55,169.34. Defendants made a single $10,000.00 payment, resulting in $45,169.34 in outstanding tariff charges. SIT and valuation charges continue to accrue on the shipment in storage and drayage charges may be incurred depending on the ultimate disposition of the shipment.

15. Plaintiff UNITED is prepared to place the goods in the custody of this Court so that Defendants can make their respective claims as to the household goods and personal property pursuant to 49 U.S.C. § 80110(e)(1).

16. Pursuant to 49 U.S.C. § 80109 and the provisions of the contract of carriage, UNITED has a lien on the goods now held in storage for for tariff transportation charges, for SIT and valuation charges, and other charges for services and expenses necessary for the preservation of the goods or incident to their transportation and delivery, as provided by law and that contract of carriage.

17. Plaintiff has advised Defendants of Plaintiff's obligations under Title 49, U.S. Code 80110(d) and has also advised Defendants that SIT and valuation charges continue to accrue daily, and that Plaintiff has and intends

to exercise its lien on the shipment that is the subject of this action.

18. UNITED is an innocent stakeholder with regard to the subject shipment and claims no interest in the subject household goods and personal property.

19. UNITED, as stakeholder, seeks to interplead the subject shipment and obtain an appropriate order from this Court allowing Plaintiff to sell the subject household goods and personal property in order to satisfy the carrier and warehouseman's liens.

20. As a direct consequence of the adverse claims compelling the bringing of this action, UNITED has been required to incur attorneys' fees, which they are entitled to collect pursuant to law.

WHEREFORE, Plaintiff UNITED respectfully requests that this Honorable Court;

a. Take jurisdiction of the parties and the subject matter herein;

b. Determine the rights and liabilities of the parties with respect to the personal property stored by UNITED;

c. That this Court enter an Order immediately authorizing Plaintiff to sell the subject goods that form the basis of this action so as to satisfy the possessory carrier and warehouseman's liens that arise by operation of law in favor of Plaintiff;

d. That this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of at least $45,169.34 in tariff charges, plus such other additional amounts as may be due and owing from and after August 21, 2023, including, but not limited to, SIT and valuation charges, drayage charges, and other charges incident to the services performed or to be performed with respect to the subject shipment

and its preservation;

e. That Plaintiff be reimbursed for the costs and attorney's fees incurred in this action by deducting said sums from the proceeds of the sale, or in the alternative, in the event a sale is not ordered or otherwise does not take place, that Plaintiff recover their costs and attorneys' fees from Defendants, jointly and severally, by appropriate order; and

f. That this Court provide for such other and further relief as it deems just and proper, and appropriate under the facts and circumstances of this case.

## Count II – Claim of Possessory Carrier's and Warehousemen's Liens

Plaintiff, for Court II of their Complaint against Defendants, state as follows:

21. Plaintiff hereby incorporate paragraphs 1 through 21 as though fully set forth herein.

22. In the alternative to the interpleader claim set forth in Count I herein, UNITED, as the carrier, seek to enforce the possessory liens they have acquired as to the subject household goods and personal property that form the basis of this action pursuant to 49 U.S.C. § 80109.

23. The possessory lien acquired by UNITED takes priority over all other interests, including secured interests.

24. Plaintiff is entitled to receive payment for all tariff transportation charges, SIT and valuation charges, and all related charges for services rendered, that have accrued thus far and which continue to accrue.

25. As a direct consequence of the adverse claims compelling this action, UNITED has been required to incur attorneys' fees, which they are entitled to collect pursuant to law.

PLAINTIFF UNITED VAN LINES, LLC'S COMPLAINT-IN-INTERPLEADER

WHEREFORE, Plaintiff UNITED respectfully requests that this Honorable Court:

    a.    Take jurisdiction of the parties and the subject matter herein;

    b.    Determine the rights and liabilities of the parties with respect to the personal property stored by UNITED;

    c.    That this Court enter an order immediately authorizing Plaintiff to sell the subject household goods and personal property that form the basis of this action so as to satisfy the possessory carrier and warehouseman's liens that arise by operation of law in favor of Plaintiff;

    d.    That this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of at least $45,169.34 in tariff charges, plus such other additional amounts as may be due and owing from and after August 24, 2023, including, but not limited to, SIT and valuation charges, drayage charges and other charges incident to the services performed or to be performed with respect to the subject shipment and its preservation

    e.    That Plaintiff be reimbursed for the costs and attorneys' fees incurred in this action by deducting said sums from the proceeds of the sale, or in the alternative, in the event a sale is not ordered or otherwise does not take place, that Plaintiff recover their costs and attorneys' fees from Defendants, jointly and severally, by appropriate order; and

///
///
///
///
///
///

f.  That this Court provide for such other and further relief as it deems just and proper, and appropriate under the facts and circumstances of this case.

DATED: August 24, 2023

STONE | DEAN LLP

By: 
Gregg S. Garfinkel
Attorneys for Plaintiff
UNITED VAN LINES, LLC.

---

8

PLAINTIFF UNITED VAN LINES, LLC'S COMPLAINT-IN-INTERPLEADER

789524.docx
#TPHA8O9O0D1B0Pv2